UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 16-32 |
| LOUIS AGE JR.<br>LOUIS AGE III<br>    a/k/a "Big Lou"<br>RONALD WILSON JR.<br>KENDRICK JOHNSON<br>STANTON GUILLORY<br>    a/k/a "Nan Nan" | SECTION: M (1) |

## ORDER & REASONS

On December 19, 2019, the United States Magistrate Judge issued an Order & Reasons ruling on defendants' discovery motions.[1] Currently before this Court are objections to that ruling lodged by defendant Louis Age Jr.,[2] in which defendants Stanton Guillory and Kendrick Johnson join.[3] The United States of America responds in opposition.[4] Considering the parties' memoranda, the magistrate judge's Order & Reasons, the record, and the applicable law, the Court overrules the defendants' objections.

## I.   BACKGROUND

On August 17, 2017, the grand jury in the United States District Court for the Eastern District of Louisiana returned a superseding indictment in this case charging five co-defendants, Louis Age Jr., Louis Age III, Ronald Wilson Jr., Kendrick Johnson, and Stanton Guillory, with various counts arising from the July 27, 2012 murder of Milton Womack.[5] Womack was a co-defendant in a Medicare fraud case filed in the United States District Court for the Middle District of Louisiana, and styled *United States v. Louis T. Age, Jr. et al.*, Criminal Action No. 11-

---

[1] R. Doc. 335.
[2] R. Doc. 347.
[3] R. Docs. 348 & 370.
[4] R. Doc. 368.
[5] R. Doc. 52.

105. Womack was murdered two days after documents were filed in that case indicating that he was changing his plea to guilty. The government's theory of this case is that the co-defendants herein conspired to murder Womack in retaliation for his past cooperation in the Medicare fraud case and to prevent him from testifying at the trial in that matter.

Count 1 charges the co-defendants with conspiring to commit murder for hire, in violation of 18 U.S.C. § 1958.[6] Count 2 charges the co-defendants with using a facility of interstate commerce (a cell phone) to commit murder for hire, in violation of 18 U.S.C. §§ 1958 and 2.[7] In Count 3, the co-defendants are charged with conspiring to murder Womack to prevent him from testifying in the Medicare fraud case, in violation of 18 U.S.C. §§ 1512(a)(3)(A) and 1512(k).[8] Count 4 charges the co-defendants with killing Womack to prevent him from testifying in the Medicare fraud case, in violation of 18 U.S.C. §§ 1512(a)(1)(A), 1512(a)(3)(A), and 2.[9] Count 5 charges Age Jr. and Age III with killing Womack to prevent him from communicating with law enforcement about his knowledge of the Medicare fraud scheme, in violation of 18 U.S.C. §§ 1512(a)(1)(C), 1512(a)(3)(A), and 2.[10] In Count 6, the co-defendants are charged with conspiring to murder Womack in retaliation for his cooperation with law enforcement, in violation of 18 U.S.C. §§ 1513(a)(2)(A) and 1513(f).[11] Count 7 charges the co-defendants with killing Womack in retaliation for his cooperation with law enforcement, in violation of 18 U.S.C. §§ 1513(a)(1)(B), 1513(a)(2)(A), and 2.[12] Count 8 charges Johnson, Age Jr., and Age III with conspiring to use intimidation, threats, and corrupt persuasion to influence, delay, or prevent testimony in the Medicare fraud case and hindering, delaying, and preventing further communication with law enforcement relating to the commission or possible commission

---

[6] *Id.* at 2.
[7] *Id.* at 2-3.
[8] *Id.* at 3-4.
[9] *Id.* at 4-5.
[10] *Id.* at 5.
[11] *Id.* at 5-6.
[12] *Id.* at 6.

of a federal offense (healthcare fraud), all in violation of 18 U.S.C. § 1512(k).[13]  In Count 9, Johnson, Age Jr., and Age III are charged with conspiring to retaliate against a witness for aiding law enforcement in the Medicare fraud case, in violation of 18 U.S.C. § 1513(f).[14]  Count 10 charges Johnson with making false statements to the grand jury regarding Womack's murder, in violation of 18 U.S.C. § 1623.[15]  In Count 11, Age III is charged with making false statements to FBI agents in violation of 18 U.S.C. § 1001.[16]

## II.     PENDING OBJECTIONS

The defendants filed various discovery-related motions which were referred to the magistrate judge for disposition.[17]  The magistrate judge held oral argument on the motions and then issued a thorough Order & Reasons addressing each discovery request in turn.[18]  With respect to defendants' request for materials covered by *Brady*, *Giglio*, or the Jencks Act, the magistrate judge stated that the government is not refusing to produce any such information, but rather the dispute involves the timing of the disclosures.[19]  The government agreed to provide all "Jencks, *Giglio*, and *Brady* material by one week prior to trial, with all such material that does not pose a security risk to be produced two weeks prior to trial."[20]  After reviewing jurisprudence from other sections of this Court on the timing of such disclosures, the magistrate judge held that the government's agreement was in line with such authority and "balances valid witness safety concerns with the defendants' trial preparation needs … [because] given the allegations in the indictment, the court finds the government is reasonable to have some concern for witness safety."[21]  The magistrate judge further noted that the defendants already have much of the

---

[13] *Id.* at 6-8.
[14] *Id.* at 8-9.
[15] *Id.* at 9-10.
[16] *Id.* at 10-11.
[17] R. Docs. 275-279 & 288.
[18] R. Doc. 335.
[19] *Id.* at 11.
[20] *Id.* at 13.
[21] *Id.* at 12-14.

information they need to investigate the charges and the defense attorneys will have enough time to review the Jencks, *Giglio*, and *Brady* material when it is produced.[22] Defendants' other discovery requests that are encompassed by Rule 16 were found to be moot, overbroad, or still being resolved between the parties.[23] Further, the magistrate judge denied the defendants' motions for a bill of particulars finding that the indictment, the copious amount of discovery produced by the government, and the government's opposition to the discovery motions, provide the defendants with sufficient detail to identify co-conspirators and prepare their defenses.[24]

Age Jr. argues that the magistrate judge's Order & Reasons is clearly erroneous because she conflated Rule 16, *Brady*, *Giglio*, and the Jencks Act by subjecting the disclosure of such material to the same timeline.[25] He argues that she effectively entered a protective order under Rule 16(d)(1) without a showing of good cause by not ordering immediate production of requested materials.[26] Further, Age Jr. argues that the government should be ordered to turn over *Brady* and *Giglio* material sooner than the proposed timeline because there are no concerns about witness safety and the defendants require the information, particularly about co-conspirators, to investigate and prepare their defenses.[27] Age Jr. also argues that the magistrate judge erred in denying the motions for a bill of particulars as to the identities of the alleged unindicted co-conspirators because such revelation will reduce trial surprise.[28]

### III. LAW & ANALYSIS

Pursuant to Rule 59(a) of the Federal Rules of Criminal Procedure "[a] district judge may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense." Fed. R. Crim. P. 59(a). If a party timely objects to a magistrate judge's ruling on a

---

[22] *Id.* at 14.
[23] *Id.* at 15-32.
[24] *Id.* at 32-46.
[25] R. Doc. 347 at 5-12.
[26] *Id.* at 13-15.
[27] *Id.* at 17-19.
[28] *Id.* at 19-24.

nondispositive matter, the district judge must consider the "objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A). This deferential standard requires the district judge to affirm the magistrate judge's decision "unless 'on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed.'" *Yelton v. PHI, Inc.*, 284 F.R.D. 374, 376 (E.D. La. 2012) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Age Jr. has not demonstrated that the magistrate judge's Order & Reasons was either clearly erroneous or contrary to law in any respect. The magistrate judge carefully examined the relevant jurisprudence related to the production of materials under Rule 16, *Brady*, *Giglio*, and the Jencks Act, and of note, the timing of such disclosures. Applying that guidance, she justifiably found that the government's agreement to produce information covered by *Brady, Giglio*, and the Jencks Act two weeks prior to trial, or one week in the case of witness safety concerns, was reasonable and in compliance with the law.[29] With respect to the other items that could be discoverable under Rule 16, the magistrate judge found that they were moot, overbroad, or still being resolved between the parties.[30]

As to the defendants' motions for a bill of particulars, "[a] defendant possesses no right to a bill of particulars." *United States v. Burgin*, 621 F.3d 1352, 1358 (5th Cir. 1980). A bill of particulars is meant "to apprise a defendant of the charges against him with enough detail to allow him to prepare his defense." *United States v. Kirkham*, 129 F. App'x 61, 72 (5th Cir. 2005) (citing *United States v. Montemayor*, 703 F.2d 109, 117 (5th Cir. 1983)); *see also United*

---

[29] R. Doc. 335 at 12-13 (collecting cases explaining that the custom in this district is for the government to release *Brady*, *Giglio*, and Jencks Act material the Friday before a Monday trial and that releasing such material one, two, or three weeks prior to trial has been found reasonable).

[30] *Id.* at 15-32. To the extent that defendants have requested materials that are producible under Rule 16 and are not *Brady*, *Giglio*, or Jencks Act materials, it appears that the government concedes that their production should not be delayed until one or two weeks before trial. R. Doc. 368 at 2. Accordingly, the definition of "Production Timeline" as used in the magistrate judge's Order & Reasons is amended to reflect that the one- and two-week delays apply only to *Brady*, *Giglio*, and Jencks Act materials even if they also have been requested in

*States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977) ("The purposes of a bill of particulars are to obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case of a subsequent prosecution."). Criminal defendants "are not entitled to discover all the overt acts that might be proved at trial" through a bill of particulars, and "[a] defendant should not use the Bill of Particulars to obtain a detailed disclosure of the government's evidence prior to trial." *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978) (internal quotation marks and citation omitted). "Generally, an indictment that follows the language of the statute under which it is brought is sufficient to give a defendant notice of the crime of which he is charged." *United States v. Ramirez*, 233 F.3d 318, 323 (5th Cir. 2000), *overruled on other grounds by United States v. Longoria*, 298 F.3d 367 (5th Cir. 2002); *see also United States v. Massey*, 849 F.3d 262, 264 (5th Cir. 2017). The magistrate judge did not clearly error or act contrary to law in finding that the indictment, materials produced in discovery, and the government memorandum in opposition to the defendants' discovery motions provide sufficient information regarding the charges to reduce trial surprise, enable the defense to prepare for trial, and flesh out the charges to guard against double jeopardy. The indictment details the events, and the government has produced copious discovery that provides details of the alleged crimes.

Under the standard of review this Court is to employ, the magistrate judge's order should be viewed as a reasonable exercise of her broad discretion in resolving nondispositive pretrial matters. There is no clear error or rulings contrary to law in her thoughtful and exhaustive Order & Reasons, although this Court has clarified the meaning of "Production Timeline" as used therein. Therefore, the defendants' objections are otherwise overruled.

---

Rule 16 discovery, but these periods shall not apply to other Rule 16 discovery materials ordered to be produced by the magistrate judge, if any.

## IV.  CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that the defendants' objections to the magistrate judge's December 19, 2019 Order & Reasons (R. Docs. 335, 348 & 370) are OVERRULED, except to the extent that the meaning of the term "Production Timeline" has been clarified.

New Orleans, Louisiana, this 26th day of February, 2020.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE