UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 16-32 |
| LOUIS AGE JR.<br>LOUIS AGE III<br>    a/k/a "Big Lou"<br>RONAL WILSON JR.<br>KENDRICK JOHNSON<br>STANTON GUILLORY<br>    a/k/a "Nan Nan" | SECTION: M (1) |

# **ORDER**

Before the Court is a motion by defendants Louis Age Jr., Louis Age III, Ronald Wilson Jr., Kendrick Johnson, and Stanton Guillory to quash the indictment and stay proceedings due to alleged substantial failure to comply with the provisions of the Jury Service and Selection Act ("JSSA"), 28 U.S.C. §§ 1861-1878, and a violation of the fair-cross-section guarantee of the Sixth Amendment.[1] In anticipation of filing said motion, Age Jr. moved pursuant to the JSSA, 28 U.S.C. § 1867(f),[2] for this Court to order the Clerk of Court to produce certain records and papers used in connection with the jury-selection process.[3] This Court granted Age Jr.'s motion by ordering the Clerk to permit Age Jr.'s attorney to inspect, reproduce, and copy existing documents or reports, readily generated by the jury management system, that were responsive to enumerated topics related to the grand jury that returned the indictment in 2017 and the petit jury

---

[1] R. Doc. 483. Defendant Louis Age Jr. filed the original motion in which all other co-defendants joined. *See* R. Docs. 488, 491 & 492. Thereafter, Age Jr. filed a supplemental motion to quash. R. Doc. 514.

[2] This law provides that when a defendant intends to file a motion to dismiss the indictment or stay the proceedings against him on the ground that the jury was not selected in compliance with the JSSA, he is entitled to "inspect, reproduce, and copy [the contents of records or papers used by the jury commission or clerk in connection with the jury-selection process] at all reasonable times during the preparation and pendency of such a motion." 28 U.S.C. § 1867(f).

[3] R. Doc. 340.

that might try the case.⁴  In response to the Court's order, the Clerk provided the requested information to the parties and the Court in the form of a letter response, documents, and two compact discs.⁵

Then, in March 2021, Age Jr. filed an unopposed motion asking this Court to order the Clerk to supplement its production with certain additional jury-selection records, including machine-readable versions of data already supplied.⁶  The Court granted the motion limited to those records that pre-existed the internal review of the Court's jury systems conducted by the Administrative Office of the United States Courts in 2020.⁷

Further, the Court allowed the Clerk to provide to the Court and the parties factual information and an expert report in response to Defendants' motion to quash.⁸  The Clerk provided both a letter response relating facts concerning the Court's jury-selection process and an expert report (submitted in the form of a declaration).⁹

Considering that this Court refers to some portions of the Clerk's productions in its forthcoming Order & Reasons ruling on Defendants' motion to quash,

---

⁴ R. Doc. 384.
⁵ Age Jr. has acknowledged that the Clerk's production was voluminous, constituting "75 electronic files, made up of 166,669 pages of PDF documents, 6 Excel spreadsheets, 1 Word document and a 24 page transmittal letter." R. Doc. 507-1 at 2.
⁶ R. Doc. 507.
⁷ R. Doc. 511.
⁸ R. Doc. 506.
⁹ On May 27, 2021, Age Jr. filed a motion to strike portions of the Clerk's April 2, 2021 letter and the expert report prepared by statistician Tumulesh K.S. Solanky, Ph.D. R. Doc. 527. Age Jr. argues that the Clerk's response went beyond providing factual information by including legal analysis and partisan argument. R. Doc. 527-1. Age Jr. contends that the Court should not consider the Clerk's April 2, 2021 submissions unless specifically relied upon by the parties. *Id.* Age Jr. is particularly concerned with the information not being in the record. *Id.* This order alleviates that concern.  Further, the Court carefully considered the parties' previously asserted objections to the Clerk's participation in this suit before allowing the Clerk to provide the factual information to the parties and the Court.  It is both appropriate and consistent with this Court's prior ruling that the parties and the Court have the benefit of the factual information the Clerk submitted and Age Jr. twice requested.  In resolving Defendants' motion to quash, the Court did not rely on the hornbook-like legal analysis contained in the Clerk's letter, much less any so-called "partisan argument."  The Court conducted its own legal research and used only the factual information provided by Defendants, the Government, and the Clerk to formulate its analysis.  Accordingly, there is no need to strike the Clerk's April 2, 2012 submissions, and Age Jr.'s motion (R. Doc. 527) is DENIED.

IT IS ORDERED that all of the documents this Court received from the Clerk in hard copy or to which it specifically refers in the forthcoming Order & Reasons on the Defendants' motion to quash are placed into the record as subdocuments of this Order.

New Orleans, Louisiana, this 2nd day of June, 2021.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE